[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14134
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00742-AKK


R. JAMIE RUHL,

Plaintiff-Appellant,

versus


CATHI SPEAR,
an individual,
JUDGE BRENT CRAIG,
an individual,
JUDGE CHARLES LANGHAM,
an individual,
LUTHER STRANGE,
Alabama Attorney General,
ROY MOORE,
Court Chief Judge,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 4, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant R. Jamie Ruhl appeals the dismissal of his civil complaint against: (1) Cathi Spear, the mother of his minor child; (2) Alabama state court judges Brent Craig and Charles Langham, who entered orders in Spear's child custody and child support action; (3) Roy Moore, Chief Justice of the Supreme Court of Alabama, in his official capacity as the official "vested with presiding over the actions of the judicial branch with the state of Alabama"; and (4) Luther Strange, Alabama Attorney General, in his official capacity "as the state's chief law enforcement officer required to, among other things, defend the laws of the state of Alabama."  Ruhl's complaint alleged that Judges Craig and Langham conspired with Spear to violate his constitutional rights in the Alabama child custody and child support proceedings.  Ruhl asserted federal civil rights claims under 42 U.S.C. §§ 1983 and 1985 and various state tort claims and sought declaratory and injunctive relief and compensatory damages.

2

In dismissing Ruhl's claims "in their entirety," the district court concluded that: (1) the court lacked subject matter jurisdiction over certain claims under the Rooker-Feldman doctrine; (2) Ruhl's constitutional claims under §§ 1983 and 1985 were barred by the applicable two-year statute of limitations; (3) the judicial defendants were entitled to judicial immunity; (4) the Alabama Attorney General was entitled to prosecutorial immunity; (5) all of the state defendants sued in their official capacities for money damages were entitled to Eleventh Amendment immunity; (6) Ruhl lacked standing to bring claims alleging violations of Alabama criminal law; (7) Ruhl's complaint failed to state a claim under Alabama law for intentional infliction of emotional distress and unjust enrichment; and (8) Ruhl's claim of negligent infliction of emotional distress was not cognizable under Alabama law.

After review of the parties' briefs and the record, we find no reversible error and affirm the district court's order dismissing all of Ruhl's claims.

**AFFIRMED.**